FILED
SUPERIOR COURT
OF GUAM

2022 JAN 14 PM 4: 39

CLERK OF COURT

BY:_____

IN THE SUPERIOR COURT OF GUAM

CATHERINE M. MANLAPAZ,

Plaintiff,

vs.

MARCOS W. FONG,

Defendant.

Superior Court Case No. CS0020-21

DECISION AND ORDER RE OBJECTIONS TO RECOMMENDED FINDINGS AND ORDER

The parties present three issues for review upon the Administrative Hearing Officer's ("AHO") October 11, 2021 Recommended Findings & Order: (1) whether the prospective wage assignment for Defendant Marcos Fong is legally mandated; (2) whether Plaintiff Catherine Manlapaz is entitled to child support arrears and, if so, in what amount; and (3) whether certain funds paid by Fong should be qualified as a "gift" rather than as credit for child support. Upon reviewing the records, briefs, and relevant statutes, the Court remands the first and third issues for further development in the record and determination by the AHO, and concludes that the second issue is not preserved for this Court's review.

## I.   PROCEDURAL BACKGROUND

On behalf of Manlapaz, the Office of the Attorney General's Child Support Enforcement Division ("CSED") filed a Complaint for child support on February 18, 2021. The Complaint was filed two months after the parties' child turned six years old.

On May 4, 2021, Fong counterclaimed and sought a set-off and credit for $59,040.44 in payments made to Manlapaz--specifically, $45,109.24 for child support and expense money and

ORIGINAL

$13,931 for support related expenses of private school tuition and health insurance. In the answer to Fong's counterclaims, CSED denied Fong's assertions regarding the $59,040.44.

Fong subsequently moved to strike that portion of Manlapaz's answer, which the AHO denied. *See* Order Denying Mot. to Strike (July 13, 2021). On August 19, 2021, Fong then filed an objection in which he argued that, in denying his motion, the AHO relied upon a mistaken and unsupported claim by Manlapaz that he paid her the $45,109.24 for a joint venture or partnership business owned by both of the parties. Wong also asserted that an automatic wage levy for temporary child support would confuse his two different employers.

On September 21, 2021, the AHO issued a Findings and Order, which set child support at $707.14 per month beginning July 1, 2021. Findings and Order at 2 (Sep. 21, 2021). The Findings and Order also stated that "[p]ursuant to 5 GCA § 34132, the court orders any employer of obligor to withhold income from the disposable earnings for the child's support." Findings and Order at 2.

On September 23, 2021, the parties appeared before the AHO for a hearing on Fong's claims regarding money he paid to Manlapaz prior to the Complaint. Min. Entry (Sep. 23, 2021). At the hearing, the CSED suggested that the parties refile, present evidence on the issues raised, and for the AHO to issue a statement of its position. Min. Entry at 1:47:12-1:48:30 PM (Sep. 23, 2021). Fong agreed, and the AHO set an evidentiary hearing for November 5, 2021. Min. Entry at 2:00:48 PM (Sep. 23, 2021).

Before holding the evidentiary hearing, however, the AHO issued a Recommended Findings & Order which stated its position on four issues Fong raised during the proceedings. First, the AHO stated, "[b]ecause the child is over the age of six, CSED cannot collect arrear[s] before the date of the Complaint." Rec. Findings and Order at 1 (Oct. 11, 2021). Citing 5 GCA § 34105(b), the AHO claimed that "[r]etroactive collections are not permitted for children over

ORIGINAL

the age of six ... unless there is an exception that has not been alleged here." *Id.* Second, the AHO determined that the $45,109.24 paid to Manlapaz prior to the Complaint qualified as a gift and not as credit for child support. *Id.* at 2. Third, the AHO recommended overruling Fong's objection to a wage assignment despite his claim of having voluntarily and timely paid child support prior to and during the case. *Id.* 2-3. In doing so, the AHO reasoned that Guam law mandated the wage assignment: "In cases where a government agency is receiving funds on behalf of a parent, (in this case the mother) the wage assignment is mandatory." *Id.* 2 (citing GCA §§ 34133.1 and 34133). Finally, the AHO reserved the issues of the $13,931 Fong claimed to pay for child support and his claim regarding money paid for the child's tuition and medical needs for the November 5 evidentiary hearing.

Fong subsequently filed a Request for Review and Court Order on October 11, 2021 in which he objected to the Recommended Findings & Order. Shortly thereafter, Manlapaz retained private counsel and submitted briefing on her objections to the Recommended Findings & Order. She objects to the AHO's finding that she cannot receive child support arrears. Fong also submitted briefing on his objections. He objects to the wage assignment and the categorization of the $45,109.24 as a gift rather than as child support.

This Court was designated to review the AHO's Recommended Findings & Order and, on December 13, 2021, held oral arguments on the objections. At the hearing, the parties conceded that further evidence needed to be developed on the record before the AHO.

## II.   LAW AND DISCUSSION

### A. STANDARD OF REVIEW

In reviewing a Referee or AHO's findings, this Court must "make a good faith effort to supervise the referee and correct any obvious errors" while relying on "the competency and experience" of the officer. *Lamb v. Hoffman*, 2008 Guam 2 ¶¶ 41-42. "If [this Court] is

ORIGINAL

sufficiently confident in the findings of the referee, [it] may simply accept the referee's conclusions with minimal comment." *Id.* ¶ 42. Similarly, this Court "need not conduct an in-depth review of the referee's recommendation before ratification." *Palomo v. Manglona*, 2012 Guam 18 ¶ 23. However, the Court is "required to do more than simply 'rubber stamp' the referee's report." *Lamb*, 2008 Guam 2 ¶ 40; *see also id.* at ¶ 43 (explaining that the Guam Supreme Court may be compelled to remand "[r]eferees' reports that are summarily converted into judgments without any evidence of review of Rule 7.1 objections").

## B. WAGE ASSIGNMENT

In its Recommended Findings & Order, the AHO found, pursuant to 5 GCA § 34133, that wage assignments are mandatory in matters brought by the CSED. Fong correctly points out, however, that section 34133 recognizes a good faith exception which the AHO failed to address. Under section 34133(c)(1), an obligor or obligee of a proposed wage assignment may argue that good cause supports not imposing the assignment, in which case the court must make a finding that "there is proof of timely payment of previously court-ordered support" and that not requiring the assignment serves the best interests of the child. 5 GCA § 34133(c)(1). Fong claims that his record of voluntary child support payments prior to the July 2021 Findings and Order, and his record of payments after such order, make him eligible for the exception.

Upon review of the record, Fong raised an argument regarding wage assignment in his August 19 Objection, but failed to raise the exception he now cites. Moreover, the AHO's Recommended Findings & Order make no mention of the exception. At the September 23 evidentiary hearing, however, the AHO indicated that it would permit the parties to raise arguments outside the scope of those it indicated in the Recommended Findings & Order. *Compare* Recommended Findings & Order at 3 *and* Min. Entry at 1:53:59 PM (Sep. 23, 2021). For that reason, it is unclear at this time whether the AHO would have permitted arguments on

ORIGINAL

the wage assignment at the November 5 evidentiary hearing. Accordingly, upon remand, the AHO may address this issue further.

### C.  ARREARS

Manlapaz objects to the AHO's finding that she was not entitled to retroactive collection of child support. In the Recommended Findings & Order, the AHO stated that because the parties' child is over six years old, Guam law prohibits the retroactive collection of child support "unless there is an exception that has not been alleged here." Rec. Findings & Order at 1. In her briefing, Manlapaz argued that an exception to the prohibition against retroactive collection of child support applies to her--specifically, the exception for instances in which a father acknowledges paternity "in writing in accordance with applicable statutes." 5 GCA § 34105(b).

At the hearing on the objections, the Court inquired whether Manlapaz raised the exception at any point during the prior proceedings. Manlapaz's newly retained counsel who had not appeared before the AHO could not confirm whether or not it was discussed, but emphasized that her client lacked counsel before the AHO. Fong, however, represented that the issue came up twice at which time Manlapaz did not raise an objection. *See also* Def.'s Partial Obj. at 2 (Oct. 25, 2021). It follows, according to Fong, that Manlapaz waived her right to raise the argument.

Upon review of the record, it appears that Fong, not Manlapaz, raised the issue of recovering arrears. *See* Def. Answer and Counterclaim (May 4, 2021). Moreover, while Manlapaz points to evidence that an exception applied (that Fong acknowledged paternity in writing at the child's birth), she presents no evidence that she made a claim for arrears or that she raised the exception. Accordingly, the Court accepts the AHO's ruling that no exception was

ORIGINAL

raised and finds that this matter is not properly before the Court at this time.[1] *Lamb*, 2008 Guam 2 ¶ 42.

### D. GIFT VS. CHILD SUPPORT CREDIT

At the hearing, the parties agreed that further development of the record was required on the issue of whether the $45,109.24 paid by Fong should be categorized as a gift or as child support. In the Recommended Findings & Order, the AHO relied on language from Fong's August 19, 2021 Objection that he paid the sum to Manlapaz "without restriction or limitation, in order to enrich her life with anything she wanted and in this case that is her choice of a new for profit business called Mantrasana Fitness Studio which Marcos intended and hoped to yield child support benefits for the minor." Despite reaching that finding, however, the AHO had already set an evidentiary hearing two days later to resolve the issue.

Based on the parties' representation at the Court's hearing and the AHO's representation that the evidentiary hearing would address the $45,109.24, the Court concludes that this matter should be addressed upon remand. Accordingly, on remand the AHO should make a determination as to the classification of the $45,109.24, as well as the $13,931, and determine whether the child support award should be set off by any of those amounts.

### III. CONCLUSION AND ORDER

The parties separately raise objections to the AHO's October 11, 2021 Recommended Findings and Order. On the wage assignment and gift issues, the Court remands for further development in the record prior to its review. On the issue of retroactive collection of child support, the Court accepts the AHO's finding that the matter was not raised; therefore the Court finds the issue is not preserved for its review.

---

[1] Manlapaz's new counsel raises arguments regarding her client's self-represented status. Even assuming she was self-represented and not represented by the CSED before the AHO, these arguments are better raised before the AHO for reconsideration if appropriate so that this Court has a more developed record before it on this issue.

ORIGINAL

SO ORDERED this 14th day of January 2022.

**HON. ELYZE M. IRIARTE**
**Judge, Superior Court of Guam**

SERVICE VIA E-MAIL
I acknowledge that an electronic
copy of the original was e-mailed to:

Date: _____ Time: _____

Joseph Bamba, Jr.

Deputy Clerk, Superior Court of Guam

Appearing Attorneys:
Catherine Bejerana Camacho, Esq., Law Offices of Catherine Bejerana Camacho, for Plaintiff
      Catherine M. Manlapaz
Daniel J. Berman, Esq., Berman Law Firm, for Defendant Marcos W.K. Fong
Assistant Attorney General Rebecca Copper, Office of the Attorney General

ORIGINAL